## MASLEK v. PENN RD. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Winch, Lurie, Addams & Burke, Cleveland, for Maslek.

Squire, Sanders & Dempsey, Cleveland, for Penn. Rd. Co.

**458. EMPLOYER'S LIABILITY — 111 Assumption—of Risk—396 Directed Verdicts.**

1. Peremptory order commanding use of appliance, though not accompanied by promise to be responsible for injury, held to make question of waiver of assumption of risk, one for jury.

2. In action by railroad section employee, peremptorily ordered to use adze in cutting ties, for injuries received in using adze, error to direct verdict for defendant, on ground that employee knew risks arising therefrom.

LEVINE, J.

1. Under federal Employers' Liability Act. (U. S. Comp. St. 8657, 8665), where employee continues to work with appliance knowing dangers incident to its use under peremptory order given by employer, employer is estopped from

asserting defense of assumption of risk and is said to have waived defense.

2. Under federal Employers' Liability Act (U. S. Comp. St. 8657, 8665), peremptory order by employer commanding use of an appliance, though not accompanied by promise of employer to be responsible for injuries held to present circumstance from which waiver of defense of assumption of risk could be inferred, so as to make question for jury.

3. In action under federal Employers' Liability Act (U. S. Comp. St. 8657, 8665), by employee on section gang of railroad, peremptorily ordered to use adze in cutting ties, for injuries received to eyes in using adze, direction of verdict for defendant on ground that employee admitted he knew risks arising from use of adze, and therefore assumed risk, held error; question being for jury.

(Sullivan PJ., concurs. Vickery, J., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## DORAN v. BETHARDS

Ohio Appeals, 2nd Dist., Clark Co.

Martin & Corry, Sprinfield and Allaman, Funkhouser & Murr, Dayton, for Doran.

Geo. W. Tehan and Harry A. Brenner, Springfield, for Bethards.

**118. AUTOMOBILES—396 Directed Verdict —1053 Roads & Highways—301 Contributory Negligence.**

1. Whether truck, which stops in night season, upon improved portion of highway, is parked on improved highway, is question for jury.

2. Contributory negligence of driver of automobile approaching such truck, ordinarily question for jury.

3. Testimony tending to show care of driver of automobile, which collided with such truck, presence of fog on road, and that truck was parked upon highway without lights; held sufficient to warrant refusal to direct verdict for truck owner.

KUNKLE, J.

1. When a truck, in the night season, stops upon the improved portion of the highway, the question as to whether such truck was parked off the improved portion of the highway is a question for the jury to determine under all of the evidence and circumstances of the case.

2. The question of the contributory negligence of the owner and driver of an automobile approaching such truck in the night season is ordinarily a question for the jury.

3. The trial court was justified in refusing to instruct a verdict for the defendant in a case where there was testimony tending to show that at the time of collision with a truck the owner and driver of an automobile was driving at a slow rate of speed; that the lights on his automobile were burning brightly; that he was keeping a lookout ahead for other vehicles; that shortly before driving into such parked truck he observed a pocket of fog which partly obscured his vision; but where there is also evidence tending to show that the truck was parked a considerable distance upon the paved roadway and that there were no lights upon the truck.

(Allread and Ferneding, JJ. concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.